UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

MAUREEN HOULIHAN,

                Plaintiff,     <u>ORDER</u>

    - against -                CV 2004-4286 (NGG)(MDG)

INVACARE CORPORATION,

                Defendant.

- - - - - - - - - - - - - - - - - - - X

    By letter dated May 12, 2006 (ct. doc. 19), Scott Haworth, counsel for defendant Invacare Corporation ("Invacare"), seeks an order pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure to preclude Campbell Laird, plaintiff's liability expert, from testifying about the matters discussed in a supplemental expert report. Defendant argues that plaintiff failed to comply with expert disclosure requirements under Rule 26 by not disclosing the report until April 8, 2006, more than two months after the January 31, 2006 deadline set and after defendant had already deposed Professor Laird. Michael Levine, plaintiff's counsel, counters that the delay in providing the supplemental expert report resulted from the defendant's failure to respond to discovery in a timely fashion. <u>See</u> ct. doc. 20.

DISCUSSION

Rule 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use [it] as evidence at a trial ...." Notwithstanding the mandatory language of the rule, courts in the Second Circuit have viewed the imposition of sanctions under the rule as discretionary and have generally not ordered preclusion. See Hein v. Cuprum, S.A., De C.V., 53 Fed. Appx. 134, 2002 WL 31768155 (2d Cir. 2002); Atkins v. County of Orange, 372 F. Supp. 2d 377, 396 (S.D.N.Y. 2005) (citing cases); Potter v. Phillips, No. CV 03-4942, 2004 WL 3250122, *2 (E.D.N.Y. Mar. 28, 2004) ("the imposition of sanctions under this rule is discretionary, and preclusion is ordered only rarely"). In analyzing whether preclusion of expert testimony is an appropriate sanction under Rule 37, courts must consider the factors set forth in Softel, Inc. v. Dragon Med. & Scientific Comm., Inc., 118 F.3d 955 (2d Cir. 1997). See Atkins, 372 F. Supp. 2d at 396; Arnold v. Krause, Inc., 233 F.R.D. 126, 129 (W.D.N.Y. 2005). These factors are: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a

continuance." Softel, 118 F.3d at 961 (citing Outley v. City of New York, 837 F.2d 587, 590-91 (2d Cir. 1988)); see also Wolak v. Spucci, 217 F.3d 157 (2d Cir. 2000).

The first factor weighs against preclusion. Even though plaintiff should have sought an extension, plaintiff's failure to provide a timely supplemental expert report stemmed primarily from defendant's delay in providing discovery.

Next, the Court finds that expert testimony is of importance to plaintiff. Since liability is hotly contested here, the prejudice to plaintiff would be substantial if she were deprived of her right to present testimony on the matters discussed in the supplemental report. On the other hand, there is minimal prejudice to defendant since the parties had proceeded with the expectation that plaintiff would supplement her expert report and the additional topics in the report were based on the defendant's expert report or discussed in the complaint. Cf. Sofitel, 118 F.3d 955 (prejudice in having had to proceed through discovery without the plaintiff's expert report in complex infringement case where the defendant faced a completely new theory of liability with the contemplated expert testimony). Insofar as defendant would be prejudiced in not having had an opportunity to depose plaintiff's expert on the issues raised in the supplemental report, this is a matter easily remedied with a modest extension of the expert discovery deadline to afford defendant a further opportunity to depose plaintiff's expert.

Finally, as the joint pretrial order has not been completed and no trial date set, the fourth factor weighs in favor of permitting the report.

In sum, after balancing the relevant factors, this Court finds that preclusion is not warranted. Nonetheless, since plaintiff's counsel admittedly failed to seek an extension of the deadline for the supplemental expert report and to take measures to cancel the deposition of plaintiff's expert until after production of the supplemental report, plaintiff is ordered to pay the incidental costs incurred by defendant with respect to a further deposition of plaintiff's expert. Such costs include all charges of her expert for travel, travel time and preparation time, and all charges of the court reporter for set-up and travel, if any.

## CONCLUSION

For the foregoing reasons, defendant's motion to preclude all evidence relating to the supplemental expert report is denied, but plaintiff must pay the incidental costs for a further deposition of her expert. The expert discovery deadline is extended to June 22, 2006 for defendant to depose Professor Laird on the matters discussed in the supplemental expert report.

**SO ORDERED.**

Dated: Brooklyn, New York
May 24, 2006

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE